Daniels, J.
The defendants in their disbursements claimed $90.95 for papers printed on the appeal by the permission and direction of the court. The clerk upon their adjustment struck out the sum of eighty-five dollars, allowing the balance. The respondents appeal to the special term, where the clerk’s adjustment was increased by the allowance and addition of the eighty-five dollars. This sum was claimed for printing papers by the respondents on an appeal taken by the plaintiffs and claimed to have been omitted from the plaintiffs’ papers. The court, upon the matter being brought to its attention and a dispute existing as to the fact, allowed the respondents to print such papers as had been improperly omitted. They were to be papers referred to in the order appealed from, and under that liberty the papers, for the expense of printing which this sum was allowed, were added to the appeal papers.
But it was clearly the effect of the direction given by the general term that no more should be printed than were referred to in the order appealed from. Liberty was not given, and was not intended to be given, to the counsel to print any papers that he might be disposed to add to the papers on the appeal. According to his affidavit, he did not by printing the disputed papers add any more than Was made a part of the papers on the hearing before the special term. But this has been denied by the affidavit oí the plaintiffs’ counsel, who swore that not one of the papers for which the eighty-five dollars was allowed were used, nor submitted upon the original motion at the special term. • *479 On this state of the proof, it cannot be said that the respondents were entitled to charge in the bill this sum of money as a part of the disbursements on the appeal. There was to that extent a failure of proof, and the order should • be reversed, with ten dollars costs, and also the disbursements, and the taxation of the clerk should be affirmed.
Van Brunt, P. J., and Brady, J., concur.